Citation Nr: 1755125 
Decision Date: 11/06/17 Archive Date: 12/07/17

DOCKET NO. 00-22 002 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to service connection for degenerative joint disease of the spine, to include as secondary to a service-connected seizure disorder.

2. Entitlement to service connection for a bilateral knee disorder, to include as secondary to a service-connected seizure disorder.

3. Entitlement to a total disability rating based upon individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Veteran represented by: Vietnam Veterans of America


ATTORNEY FOR THE BOARD

T. Joseph, Associate Counsel


INTRODUCTION

The Veteran had active service from February 1965 to May 1965. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2000 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. 

This case was previously remanded in December 2005, April 2009, August 2011, November 2012, August 2015, and September 2016 for further development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

After a thorough review of the Veteran's claims file, the Board has determined that additional evidentiary development is necessary prior to the adjudication of the Veteran's claim for service connection for degenerative joint disease of the spine and a bilateral knee disorder, each to include as secondary to a service-connected seizure disorder. Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2017).

The Board remanded the Veteran's claim in September 2016 to provide him a VA orthopedic examination to assess the nature and etiology of any currently diagnosed disorder of the spine and bilateral knees. The VA examiner was directed to specifically review, note, and discuss the Veteran's prior diagnoses of arthritis of the spine and knees, his service-connected seizure disorder, and each positive opinion of record, particularly the June 1996 and July 1999 private treatment reports. The examiner was also directed to discuss the Veteran's contention that his seizures amounted to small, traumatic, and repetitive injuries over time. In support of his negative nexus opinion, the examiner stated, "In order to avoid confusion and redundancy, please refer to the MO dated 9-16-2015. The same question was addressed at that time. I concur with the conclusions of the examiner. The opinion is extremely well considered and detailed."

However, the Board notes that the September 2015 VA examination has previously been deemed inadequate, as the examiner indicated that he was not provided the opportunity to review the Veteran's entire claims folder, contrary to the Board's August 2015 remand instructions. Moreover, the examiner failed to comment on each positive nexus opinion of record, as specifically directed by the August 2015 Board Remand. 

The Board further notes that the Veteran's representative submitted evidence subsequent to the September 2015 examination which demonstrates that degenerative arthritis had several known causative factors, to include small, repetitive injuries over time. The May 2017 examiner failed to address the contentions that the Veteran's seizure disorder caused small, traumatic, and repetitive injuries over time.

As such, the VA examination does not comply fully with the Board's remand and is inadequate to decide the claim. In light of these deficiencies, the Veteran's claims for service connection for degenerative joint disease of the spine and a bilateral knee disorder, each to include as secondary to a service-connected seizure disorder must be remanded once more to ensure proper development. Stegall v. West, 11 Vet App 268 (1998); see also Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (affirming that a medical opinion is adequate if it provides sufficient detail so that the Board can perform a fully informed evaluation of the claim).

Finally, the Veteran's claim of entitlement to TDIU is inextricably intertwined with the issues addressed above, and will be remanded as well. See Harris v. Derwinski, 1 Vet App 180 (1991) (holding that, where a claim is inextricably intertwined with another claim, the claims must be adjudicated together in order to enter a final decision on the matter).

Accordingly, the case is REMANDED for the following action:

1. The Veteran shall be scheduled a VA orthopedic examination to assess the nature and etiology of any currently diagnosed disorder of the spine and bilateral knees. 

The Veteran's claims folder and this remand must be made available to the examiner for review in conjunction with the examination. The examiner should specifically review, note, and discuss the Veteran's prior diagnoses of arthritis of the spine and knees, his service-connected seizure disorder, and each positive opinion of record, specifically the June 1996 and July 1999 private treatment reports. 

The examiner must also discuss the Veteran's contention that his seizures amounted to small, traumatic, and repetitive injuries over time. In consideration of these and any other evidence or factors deemed relevant, the examiner should address the following questions:

a) Is it at least as likely as not (50 percent or greater) that any disorder of the spine or knees was caused by a service connected disability (to specifically include a seizure disorder). Why or why not?

b) Is it at least as likely as not (50 percent or greater) that any disorder of the spine or knees was aggravated by (i.e. permanently made worse) any service-connected disability (to specifically include a seizure disorder). Why or why not?

Note: The term "at least as likely as not" does not mean merely within the realm of medical possibility, but rather that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of causation as it is to find against it.

Note: The term "aggravated" in the above context refers to a permanent worsening of the underlying condition, as contrasted to temporary or intermittent flare-ups of symptomatology which resolve with return to the baseline level of disability.

Note: The requested opinions on aggravation should be premised on the baseline level of severity of the disorder before the onset of aggravation, or by the earliest medical evidence created at any time between the onset of aggravation and the examiner's current findings.

A complete rationale for the requested opinion, accompanied by supporting medical data and analysis, shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

2. Then, after conducting any additional development deemed necessary, the AOJ should readjudicated the Veteran's claims for service connection for degenerative joint disease of the spine and a bilateral knee disorder, each to include as secondary to a service-connected seizure disorder, to include his claim for TDIU. If the benefits sought remain denied, provide a supplemental statement of the case to the Veteran and his representative and an appropriate period of time for response. The case should be returned to the Board for further consideration, if otherwise in order.


The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
A. S. CARACCIOLO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).